MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax:   (520) 798-1037
Email: ecfbk@mcrazlaw.com
       irothschild@mcrazlaw.com
By:    Isaac D. Rothschild, #25726
       70085-1 / idr

Attorneys for Trudy A. Nowak, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DANNY SAMUEL KNAPP.,<br><br>Debtor. | Chapter 7<br><br>Case No.: 4:15-bk-10691-BMW |
| TRUDY A. NOWAK, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA, INC., a Delaware corporation; CITICORP CREDIT SERVICES, INC., a Delaware corporation; CITICORP USA, INC., a Delaware corporation;<br><br>Defendants. | Adversary No.<br><br>**COMPLAINT**<br>**(11 U.S.C. §547, §550, and §551)** |

Trudy Nowak, the duly appointed Chapter 7 Trustee (the "Trustee" or "Plaintiff"), by and through counsel undersigned, states and alleges for her Complaint against Home Depot, USA, Inc., Citicorp USA, Inc., and Citicorp Credit Services, Inc. (collectively "Defendants"):

## JURISDICTION AND VENUE

1. On August 21, 2015 (the "Petition Date"), Danny Samuel Knapp ("Knapp" or the "Debtor") filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy Court"), Case No. 4:15-bk-10691-SHG. The case was transferred to Judge Whinery on January 20, 2016 Case No. 4:15-bk-10691-BMW (the "Bankruptcy Case").

2. On August 24, 2015, Trudy A. Nowak was appointed as Trustee in the Debtor's bankruptcy case.

3. This adversary is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4. This Court has jurisdiction over this adversary proceeding and the parties to the proceeding pursuant to 28 U.S.C. §§157(a) and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

## THE PARTIES

5. Citicorp Credit Services, Inc. is a Delaware corporation authorized to conduct business in Arizona.

6. Citicorp USA, Inc. is a Delaware corporation authorized to conduct business in Arizona.

7. Home Depot USA, Inc. is a Delaware corporation authorized to conduct business in Arizona.

8. At all relevant times, the Defendants conducted business in Pima County, Arizona.

## FACTUAL ALLEGATIONS

9. On the Petition Date, the Debtor had assets of less than $27,000.00.

10. On the Petition Date, the Debtor owed no less than $2,285,579.89.

11. The Debtor was insolvent as of the Petition Date and the ninety (90) days prior to the Petition Date.

12. The Debtor made transfers to the Defendants totaling not less than $10,663.66 in the ninety (90) days prior to the Petition Date.

13. The Defendants were unsecured creditors at the time payments were received.

## COUNT I – PREFERENCE PURSUANT TO 11 U.S.C. §547

14. The Plaintiff reasserts all allegations of the foregoing paragraphs as if fully set forth herein.

15. The Debtor paid not less than $10,663.66 to Defendants in the ninety (90) days prior to the Petition Date. These payments of the Debtor's property constitute a transfer of an interest of another's property pursuant to 11 U.S.C. §547(b).

16. These payments in favor of Defendants were for the Defendants' benefit; on account of an antecedent debt owed by the Debtor made while Debtor was insolvent; made on or within ninety (90) days before the date of the filing of the bankruptcy petition; and enabled Defendants to receive more than they would receive in this Chapter 7 case.

## COUNT II - TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. §550

17. The Plaintiff reasserts all allegations of the foregoing paragraphs as if fully set forth herein.

18. Pursuant to 11 U.S.C. §550, to the extent that a transfer is avoided under §547, the trustee may recover, for the benefit of the Estate, the property transferred, or, if the court so orders, the value of such property, from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

19. To the extent that the transfer is avoided pursuant to 11 U.S.C. §547, Plaintiff, as trustee, is entitled to funds received thereunder from the Defendants, for the benefit of this Estate, as the initial transferee.

## COUNT III - PRESERVATION OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. §551

20. The Plaintiff reasserts all allegations of the foregoing paragraphs as if fully set forth herein.

21. Pursuant to 11 U.S.C. §551, any transfer avoided under §547 is preserved for the benefit of the Estate, but only with respect to property of the Estate.

22. To the extent that the Trustee prevails in avoiding the transfers, the transfers are preserved for the benefit of the Estate.

**WHEREFORE,** the Plaintiff requests this Court:

A. Determine that the transfer to the Defendants in the ninety days prior to the Petition Date of $10,663.66 or an amount otherwise demonstrated at trial constitutes a preference and return that sum to the Estate;

B. For turnover of any funds received by the Defendants as a result of a preferential transfer pursuant to 11 U.S.C. §547 and §550;

C. For preservation of the avoided transfer position for the benefit of the Estate pursuant to 11 U.S.C. §551;

D. For Plaintiff's actual attorneys' fees; or in the case of default by Defendants, attorney's fees in the amount of $1,500.00 for the preparation and filing of this Complaint and the preparation and filing of all default pleadings;

E. For Plaintiff's actual costs, or in the event of default, costs in the amount of $350.00 to file this Complaint; and

//

//

F. For such other and further relief as this Court deems just and proper under the circumstances.

DATED: August 18, 2017.

MESCH CLARK ROTHSCHILD

By: s/Isaac D. Rothschild, #25726
 Isaac D. Rothschild
 *Attorneys for Trudy A. Nowak,*
 *Chapter 7 Trustee*

24J9774.DOCX